UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,

v.                                                            Case No. 5:02-cv-177
                                                          HON. R. ALLAN EDGAR

JOHN LANG, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Defendants argue that plaintiff cannot support his claim of retaliation because plaintiff has failed to show that the complaint he sent to the Michigan State Police was protected conduct. Defendants argue that since the complaint was denied, it was a false complaint which could not be protected conduct. Defendants assert that the Report and Recommendation improperly shifted the burden of proof to defendants to show that the complaint was false. As

defendants now concede this case is factually similar to *Brown v. Crowley,* 312 F.2d 782 (6th Cir. 2003). Unlike in the *Brown* case, however, defendants are not conceding that the complaint to the Michigan State Police was protected conduct.

In this case, the hearing officer concluded that no evidence existed to show that plaintiff's complaint was false. Further, it is clear that plaintiff does not believe that he filed a false complaint with the Michigan State Police. Just because defendants state that the complaint was a false complaint does not make the complaint a false complaint. The factual record, when taken in the light most favorable to plaintiff, supports a conclusion that plaintiff did not file a false complaint with the Michigan State Police.

Defendants argue that plaintiff cannot show that adverse action was taken against him by the named defendants. The factual record could support a conclusion that each defendant was involved in the issuance of the misconduct ticket. Defendants also argue that they are entitled to qualified immunity from liability. Defendants argue specifically that it was not clearly established law that they could not issue an interference with the administration of rules misconduct when a prisoner filed a complaint against a prison official with the Michigan State Police. The issuance of the misconduct ticket in *Brown* occurred prior to the Sixth Circuits decision in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). While the specific conduct was first ruled improper by the Sixth Circuit in *Brown*, defendants were on notice as early as 1999, when the Sixth Circuit issued *Thaddeus-X*, that a prison official could not issue a misconduct ticket against a prisoner in retaliation for a prisoner's protected conduct in filing grievances or complaints against prison officials. *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004)

THEREFORE, IT IS **ORDERED** that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

IT IS **FURTHER ORDERED** that defendants' motion for summary judgment (docket #167) is **DENIED**.


Dated: *September 16, 2005*                             */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE