UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,

v.                                                   Case No. 5:02-cv-177
                                                 HON. R. ALLAN EDGAR

JOHN LANG, et al.,

    Defendants.
_____/

DAVID J. SCOTT,

    Plaintiff,

v.                                                   Case No. 2:06-cv-103

GEORGE BENNETT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff David J. Scott, a former prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting claims of retaliation, conspiracy and malicious prosecution against defendants Brooks Correctional Facility Inspector John Lang, Chippewa Correctional Facility Counselor George Babik, and Michigan Department of Corrections Regional Prison Administrator Richard Johnson.  In his consolidated action, plaintiff sues defendants George Babik and George Bennett.  Defendant Babik is now deceased. Plaintiff has named John Doe as administrator of Babik's estate.  Neither the estate nor Babik have been served in case number 2:06-cv-103.

Plaintiff alleged that on May 26, 1999, defendants Babik and Bennett confiscated plaintiff's wordprocessor. On July 7, 1999, defendant Babik conducted an administrative hearing concerning confiscated property, including plaintiff's word processor, computer disks, and cassette tapes, which were deemed as contraband. Ultimately, defendant Babik upheld the confiscation because he believed plaintiff failed to show ownership of the property. Plaintiff filed a written complaint with the Michigan State Police on September 3, 1999, seeking a criminal investigation and prosecution of defendant Babik for theft of property. Plaintiff asserted that defendant Babik concealed the fact that Babik received notice that plaintiff had a receipt for the word processor. The matter was investigated by MDOC Internal Affairs. The complaint was dismissed as unfounded. As a result, on December 3, 1999, defendant Johnson recommended that plaintiff receive a misconduct ticket for filing a false complaint with the Michigan State Police. Plaintiff was found not guilty of the misconduct ticket.

Defendant Bennett moves to dismiss the action against him as barred by the statute of limitations. This court had already addressed this issue in Case number 2:04-cv-29 and concluded that plaintiff's complaint was timely filed in that case. Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999).

Plaintiff's cause of action against defendant Bennett accrued on May 26, 1999. This case was not filed until April 12, 2006. However, there is significant procedural history involving

plaintiff's claim that must be considered. Plaintiff originally filed an action on June 12, 2002, against defendant Bennett, which was dismissed without prejudice on August 21, 2003. Assuming that action tolled the statute of limitations and plaintiff is given 90 days tolling for the period of time he exhausted his remedies prior to filing that action, plaintiff still had some time left to file a timely action. The Sixth Circuit has held that the statute of limitations which applied to a plaintiff's civil rights action was tolled for the period during which his available state remedies were being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (*citing Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)).

After plaintiff's case was dismissed, he re-filed a similar action on January 30, 2004, naming defendant Bennett in a complaint dated December 23, 2003. At this point, the statute of limitations period clearly had run against defendant Bennett. That case was dismissed in this court without prejudice on February 17, 2006, and dismissed by the Sixth Circuit on August 10, 2006. Plaintiff had again re-filed his untimely claim against defendant Bennett on April 12, 2006. It appears clear that the statute of limitations period had run prior to the filing of the December 23, 2003, complaint against defendant Bennett. Plaintiff has not shown that he filed a timely action against defendant Bennett. In the opinion of the undersigned, plaintiff's claim must be dismissed against defendant Bennett.

Defendant also argues that each of the remaining defendants must be dismissed because plaintiff failed to show that he exhausted his grievance remedies against defendant Bennett by attaching a copy of his grievance to his most recently filed complaint. Defendant does not assert that plaintiff failed to actually exhaust his grievance remedies. Defendant argues that plaintiff made the procedural error of not attaching another copy of his grievance filings in this most recently filed

complaint. Even if the court were to accept defendant's argument as valid, the Sixth Circuit no longer follows the total exhaustion rule. In *Spencer v. Bouchard,* 449 F.3d 721 (6th Cir, June 6, 2006), the court held that the "partial exhaustion rule" is the law of this Circuit requiring the dismissal of only those claims that are unexhausted and allowing the case to proceed on the exhausted claims. Therefore, the undersigned recommends that the Court follow the "partial exhaustion rule," until the issue is resolved by the Supreme Court in *Williams v. Overton*, 126 S.Ct 1463; *Jones v. Bock*, 125 S.Ct. 1462 (2006).

Accordingly, it is recommended that defendant Bennett's motion to dismiss (docket #237) be granted. It is further recommended that case number 2:06-cv-103 be dismissed because no other named defendant has been served a summons and complaint in that case.

Further, if the court adopts this recommendation, the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendant's motion to dismiss, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                 /s/ Timothy P. Greeley
                                 TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE

Dated:   September 14, 2006